UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Case Number: 3:18-CV-1303-J-39-PDB

Lawrence Matthews,

    Plaintiff,

vs.

Central Credit Services, LLC,

    Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Lawrence Matthews, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the Defendant resides in this District.

### PARTIES

3. Plaintiff, Lawrence Matthews ("Plaintiff"), is an adult individual residing in Huntsville, Alabama, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

4. Defendant, Central Credit Services, LLC ("CCS"), is a Florida business entity with an address of 9550 Regency Square Blvd., Suite 500, Jacksonville, Florida 32225,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5.   Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.   The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

8.   CCS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCS Engaged in Harassment and Abusive Tactics

9.   In or around August of 2017, CCS began to garnish Plaintiff's wages.

10.  At that time, Plaintiff set up a payment agreement with CCS that he would continue to make payments for the next five consecutive months in order to stop the garnishment of his wages.

11.  By December of 2017, Plaintiff's wages should have stopped being garnished.

12.  However, Plaintiff's wages were garnished until March of 2018.

13.  In January of 2018, after the first unauthorized garnishment of his wages, Plaintiff contacted CCS regarding this error.

14. CCS responded to Plaintiff by saying the garnishment was his employer's wrongdoing because it sent a notice to his employer to stop the wage garnishment.

15. In February of 2018, CCS sent Plaintiff, via e-mail, a copy of the notice that was sent to his employer to stop the wage garnishment.

16. However, the notice was sent to an incorrect company which was not Plaintiff's employer.

17. Plaintiff continued to call CCS about this error and the representative told him that a supervisor would be in touch.

18. In March of 2018, CCS admitted the notice to cease his wage garnishment was sent to the wrong company and advised him that it had sent Plaintiff's refund check to the wrong address.

19. To date, CCS has failed to send the refund check to Plaintiff.

### C. Plaintiff Suffered Actual Damages

20. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. Plaintiff incorporates by reference Paragraphs 1 through 21 of this Complaint as though fully stated herein.

23. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

25. Defendant's conduct violated 15 U.S.C. § 1692f(5) in that Defendant caused charges to be made to the Plaintiff.

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 31, 2018

                              Respectfully submitted,

                   By   */s/ Tamra Givens*
                        Tamra Givens, Esq.
                        Florida Bar No. 657638
                        43 Danbury Road
                        Wilton, CT 06897

Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com